UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
═══════════════════════════════════

CRANE EQUIPMENT & SERVICES, INC.,
a subsidiary of COLUMBUS McKINNON
CORPORATION,

                            Plaintiff,

           v.                                **DECISION AND ORDER**
                                               14-CV-175S

B.E.T. CONSTRUCTION, INC.,

                            Defendant.
═══════════════════════════════════

## I.    INTRODUCTION

Presently before this Court are Crane Equipment & Service, Inc.'s ("CES") Motion to Remand (Docket No. 5) and B.E.T. Construction, Inc.'s ("BET") Cross Motion for Judgment on the Pleadings and Change of Venue (Docket No. 7). For the reasons discussed below, CES's motion is granted and BET's motion is denied without prejudice as moot.

## II.    BACKGROUND

CES, an Oklahoma corporation whose parent company is located in New York, designs, builds, and sells overhead cranes and equipment. (Complaint, ¶¶1-6). In July 2011, BET, a Louisiana corporation, requested an estimate from CES for the purchase and installation of cranes for a construction project in Louisiana. (Complaint, ¶7). BET sent CES a purchase order on July 29, 2011, and subsequently completed a required credit application in August 2011. (Complaint, ¶¶9-14). Both the credit application and a

tax information request form note that the construction project was taxable, and BET signed both. (Complaint, ¶15; Exhibit B; Exhibit C).

In addition to the purchase price of $681,600, CES added $40,063.50 to cover taxes and $24,320 to cover freight costs, bringing the total invoice to $745,983.50. (Complaint, ¶¶15-17). CES asserts BET owes a remaining balance of $67,183.50, which is the sum of the tax and freight, plus a $2,800 back charge. (Complaint, ¶22).

CES commenced this action on February 5, 2014, by filing a summons and complaint in the New York State Supreme Court, County of Erie. CES seeks damages from BET for breach of contract, account delinquency, and unjust enrichment, in an amount of "not less than $67,183.50, plus pre-judgment interest, plus post-judgment interest and plus costs." (Complaint, ¶38).

On March 14, 2014, BET removed this action to federal court. (Docket No. 1). Less than two weeks later, CES filed a Motion to Remand to state court, alleging that BET improperly removed the case "because the amount in controversy does not exceed the jurisdictional threshold of $75,000." (Docket No. 5). BET asserts that the threshold has been met for diversity jurisdiction and has filed a Cross-Motion for Judgment on the Pleadings and Change of Venue. (Docket No. 7).

### III.   DISCUSSION

**A. Motion to Remand**

**1.  Legal Standard**

A defendant may remove a civil action to federal court if the district court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). It is the defendant's burden to

show that removal is proper. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); see also United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

To establish diversity jurisdiction, the defendant must show that the parties' citizenships are completely diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). If the plaintiff challenges the defendant's jurisdictional facts, the defendant "must support them by competent proof" and "justify his allegations by a preponderance of evidence." McNutt, 298 U.S. at 189.

Assuming diversity of citizenship, a court may find proper diversity jurisdiction "on the basis of an amount in controversy asserted [in the Notice of Removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]," exclusive of interest. 28 U.S.C. § 1446(c)(2)(B). But a court must strictly construe statutes confining removal jurisdiction, resolving any remaining ambiguities in favor of remand to state court. Syngenta Corp. Prot., Inc., v. Henson, 537 U.S. 28, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007); Tisdale v. A.G. Edwards & Sons, 929 F. Supp. 174, 178 (S.D.N.Y. 1996).

When determining whether the amount in controversy requirement has been satisfied, a court looks "first to [the plaintiff's] complaint and then to [the defendant's] petition for removal." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). But a conclusory statement in the Notice of Removal will not stand to satisfy the

jurisdictional threshold alone. See, e.g., John Wiley & Sons, Inc. v. Glass, 2010 U.S. Dist. LEXIS 44986, at *8 (S.D.N.Y. 2010) (finding that "[a] conclusory statement by a removing party that the amount in controversy requirement is satisfied is not enough").

Here, CES's complaint, on its face, seeks less than $75,000. In addition, Defendant's Notice of Removal conclusively states that the amount in controversy is "[m]ore than $75,000" without any further clarification. (Notice of Removal, ¶4). Such a conclusive assertion does not satisfy Defendant's burden. This is especially so given the specificity of CES's complaint, which requests a judgment "of not less than $67,183.50, plus pre-judgment interest, plus post-judgment interest and plus costs." (Complaint, ¶38). As such, neither the complaint nor the Notice of Removal establishes that the amount in controversy requirement is satisfied. This Court must therefore examine whether interest and attorney's fees may be included and, if included, push Plaintiff's demand over the jurisdictional threshold.

**2. Interest as an Exception to §1332(a)**

BET argues that CES's request for interest and an amount "not less than" $75,000 gives rise to an inference that the statutory threshold is met. This Court disagrees.

The Second Circuit has found that interest may be considered when it is "owed as part of an underlying contractual obligation." Transaero, Inc. v. La Fuerza Area Boliviana, 24 F.3d 457, 461 (2d Cir. 1994); see also Irene Grunblatt v. Unumprovident Corporation, 270 F. Supp. 2d 347, 350 (E.D.N.Y. 2003) (citing Transaero and including contractually obligated interest in its amount-in-controversy analysis.). This is an

exception to the general rule that precludes interest from the calculation of the amount in controversy. See 28 U.S.C. §1332(a)

The Second Circuit's holding in Transaero stems from the United States Supreme Court's decision in Edwards v. Bates County where the court found that interest accrued under a contractual obligation may properly be included in the principal amount in controversy. 163 U.S. 269, 16 S. Ct. 967, 41 L. Ed. 155 (1896). But in Edwards, the interest at issue related to a matured coupon and was included because, having matured, the promise to pay interest "[was] no longer a mere incident of the principal indebtedness . . . but [became] really a principal obligation." Id. at 271-73. Likewise, in Transaero, the principal balance had been paid, leaving interest as the principal obligation and amount in controversy. Transaero, 24 F.3d at 461. Thus, if the interest at issue has become more than simple interest and stands as the principal determinable obligation, it may be used to calculate the amount in controversy. See Meding v. Receptopharm, Inc., 462 F. Supp. 2d 348, 350-352 (E.D.N.Y. 2006) (finding that "the essence of the Second Circuit's holding [in Transaero] was that where an obligation labeled as 'interest' has lost its character as interest . . . then such an obligation should [be included in] the jurisdictional calculation").

This reading of Edwards and application of Transaero accords with other circuit decisions on this issue. See e.g. State Farm Mutual Auto Ins. Co. v. Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998) (refusing to include interest which arose because of a delay in payment); Principal Mut. Life Ins. Co. v. Juntunen, 838 F.2d 942, 943 (7th Cir. 1988) (holding interest on death benefit should not be included where it came about because

of a delay in payment, despite a contract conferring the right to receive the interest); Brainin v. Melikian, 396 F.2d 153, 154-55 (3d Cir. 1968) (holding that "interest imposed as a penalty for delay in payment," is not counted for jurisdictional purposes, but "interest exacted as the agreed upon price for the hire of money" may be included because it is a "principal obligation"); Regan v. Marshall, 309 F.2d 677, 678 (1st Cir. 1962) (determining that "it makes no difference whether the interest which is sought accumulated upon the principal obligation sued upon because of contract . . . or whether the interest be termed a penalty or damages, so long as it is an incident arising solely by virtue of a delay in payment" the interest isn't included).

In the instant case, CES commenced this suit to obtain damages for BET's alleged breach of the Sales Order Agreement by failing "to pay the outstanding balance." (Complaint, ¶26). Contained in the Sales Order Agreement is a clause requiring that BET pay "1% per month" for any remaining balance as a "service charge," which both BET and CES agree can be construed as interest. (See "Terms of Payment," Complaint, Exhibit D at 6).

Although BET allegedly owes the balance of the sale, and may owe monthly interest on that balance under the contract, the interest is nonetheless accruing by virtue of the delay in payment and has not become the principal obligation in any sense. The interest therefore cannot be considered in determining the amount in controversy. See Transaero, 24 F.3d at 459-461; Juntunen, 838 F.2d at 943; Narvaez, 149 F.3d at 1271.

### 3. Attorney's Fees

BET also asserts that CES's entitlement to attorney's fees can be considered in determining whether the jurisdictional amount-in-controversy is satisfied. Indeed, attorney's fees "may be used to satisfy the amount in controversy only if they are recoverable as a matter of right pursuant to statute or contract." Kimm v. KCC Trading, Inc., 2012 U.S. App. LEXIS 1287 at *2-3 (2d Cir. 2012); see also Givens v. W.T. Grant Co., 457 F.2d 612, 614 (2d Cir. 1972), vacated on other grounds, 409 U.S. 56, 93 S. Ct. 451, 34 L. Ed. 2d 266 (1972). Here, attorney's fees could be included because, according to the "Terms of Payment" clause in the Sales Agreement, BET is contractually obligated to pay attorney's fees in a collection suit. (See "Terms of Payment,"Complaint, Exhibit D at 6).

The standard of proof, however, as to the amount of attorney's fees is not any less than that which a defendant must prove for any other amount claimed to be a part of the amount in controversy. As such, a defendant must support a fee assertion "by competent proof" and "justify his allegations by a preponderance of evidence." McNutt, 298 U.S. at 189. Conclusive or speculative assertions do not suffice. See Falstrom v. L.K. Comstock & Co., 1999 U.S. Dist. LEXIS 12339 (D. Conn. 1999) (finding that attorney's fees are "too speculative to satisfy the jurisdictional amount requirement" where there was not competent proof and the case had just passed the pleading stage); Ins. Co. v. Waterfield, 371 F. Supp. 2d 146 (D. Conn. 2005) (holding that the defendant did not meet his burden when he failed to provide any evidence that the attorney's fees would exceed the statutory threshold); see also Irving v. Allstate Indemnity Co., 97 F.

Supp 2d 653, 655-56 (E.D. Pa. 2000) (finding that "[i]f this Court has to guess, defendant has not proved its point" where a defendant requested the inclusion of attorney's fees in the amount-in-controversy calculation).

BET generally asserts that attorney's fees required under the sales agreement can be considered to meet the jurisdictional threshold, but does not provide a specific dollar figure for those fees, merely stating that they would be in excess of the amount required to break the threshold. In doing so, BET relies on Banxcorp v. Costco Wholesale Corp., 978 F. Supp. 2d 280 (S.D.N.Y. 2013). In Banxcorp, the party asserting jurisdiction failed to allege a specific amount for attorney's fees or any evidence as to a probable amount, and yet the court included attorney's fees. But Banxcorp is distinguishable. There the parties had passed the discovery phase and had been litigating motions involving extensive copyright issues for almost four years. See id. at 290. The court held that it was not speculative to assume the attorney's fees would bring the amount in controversy far past the required $75,000. See id. at 314 (noting "a substantial and lengthy litigation" with attorney's fees most likely totaling "in the tens of thousands of dollars at least"). Such is not the case here, where the litigation is in its infant stage.

Because BET failed to support its allegation that attorney's fees would push the amount in controversy beyond the $75,000 threshold, this Court cannot consider them. See Falstrom, 1999 U.S. Dist. LEXIS 12339; Waterfield, 371 F. Supp. 2d 146. Attorney's fees will therefore not be included in calculating the amount in controversy. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56-57 (2d Cir. 2006) (holding that jurisdictional

facts, such as those surrounding attorney's fees and the amount in controversy are evaluated "on the basis of the pleadings, viewed at the time when defendant files the notice of removal") (citing Vera v. Saks & Co., 335 F.3d 109, 116, n. 2 (2d Cir. 2003) (per curiam)).

## B. CES's Demand for Attorney's Fees and Costs

When a motion to remand is granted, a court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). But a court may award such fees only "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Such is not the case here. Plaintiff's demand for attorney's fees and costs is therefore denied.

## IV.　CONCLUSION

Because interest and attorney's fees cannot properly be considered in this case to determine the amount in controversy, Defendant has failed to establish the existence of diversity jurisdiction. There being no other basis for subject matter jurisdiction, Plaintiffs motion to remand is granted. Plaintiff's request for costs and attorney's fees, however, is denied.

## V.　ORDERS

IT IS HEREBY ORDERED, that Plaintiff's Motion to Remand (Docket No. 5) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings and Change of Venue (Docket No. 7) is DENIED as moot.

FURTHER, that the Clerk of Court is directed to transfer this case to the New York State Supreme Court, County of Erie.

FURTHER, that, upon transfer, the Clerk of Court is directed to close this case.

SO ORDERED.


Dated: February 4, 2015
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
